UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Cesar Santiago Palacio Calle

       v.                              Civil No. 26-cv-35-LM-AJ

Strafford County Department of
Corrections, Superintendent et al


### **O R D E R**

Petitioner Cesar Santiago Palacio Calle brings the instant petition under 28 U.S.C. § 2241 alleging that his civil immigration detention is unlawful because he has been or will be denied a bond hearing before an immigration judge under 8 U.S.C. § 1226(a). The government agrees that Palacio Calle is a member of the class certified by Judge Saris in Guerrero Orellana v. Moniz, --- F. Supp. 3d, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). See doc. no. 4. Judge Saris issued a declaratory judgment that class members "are not subject to detention under 8 U.S.C. § 1225(b)(2)," that the government's "policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2)(A) without consideration for bond . . . is unlawful," and that "members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond." Guerrero Orellana, 2025 WL 3687757, at *10.

However, the government has taken the position in this case that, despite Palacio Calle's undisputed membership in the Guerrero Orellana class, the only way for him to obtain the benefit of class membership is to obtain coercive relief in

an individual habeas petition ordering the government to act in accordance with the Guerrero Orellana declaratory judgment. See doc. no. 3 at 3 ("[T]his court must order a bond hearing in this habeas action for Petitioner to receive the relief for which declaratory judgment in Guerrero Orellana lays the foundation."). This position troubles the court. A declaratory judgment is no less binding on the parties to whom it pertains than an injunction. Skyworks, Ltd. v. Centers for Disease Control & Prevention, 542 F. Supp. 3d 719, 726 (N.D. Ohio 2021). "Though perhaps milder than an injunction in some respects, a declaratory judgment results in the entry of a judgment and all that goes with it." Id. Ordinarily, this court expects parties bound by a declaratory judgment to comport their conduct in accordance with the judgment by which they are bound—especially when, as here, the party is a governmental entity or actor. See, e.g., Loc. 8027 v. Edelblut, Civ. No. 21-cv-1077-PB, 2024 WL 2722254, at *18 (D.N.H. May 28, 2024). As there is no dispute that the petitioner is a member of the Guerrero Orellana class, the court struggles to understand why the government believes it is unable to proceed according to Judge Saris's declaration absent coercive relief issued by this court.

Regardless, "[a] district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." Gomes v. U.S. Dep't of Homeland Sec., Acting Sec'y, 460 F. Supp. 3d 132, 144 (D.N.H. 2020) (quoting Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972)). A court may grant bail to a habeas petitioner if he "has a clear case on the law and facts." Id. The court intends to hold, on an expedited basis, a hearing regarding the

petitioner's entitlement to a bail hearing in this court. Assuming the court finds that the petitioner is entitled to a bail hearing in this court, the court intends to hold a bail hearing immediately after so finding.

The court also intends to solicit further briefing on the extent to which it is appropriate for government actors who are indisputably bound by a declaratory judgment providing that class members are entitled to § 1226(a) bond hearings to nevertheless deny class members such hearings — unless specifically ordered to provide such a hearing to the individual class member. The court is also concerned that the individual IJ assigned to preside at a class member's bond hearing understands that he or she is bound by the declaratory judgment order and must hold a bond hearing in accordance with Hernandez-Lara. See Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). The court intends to request amicus briefing and will issue an expedited briefing schedule following the Gomes hearing.

The United States Marshal Service shall make appropriate arrangements to transport the defendant to the court for the hearing.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 28, 2026

cc:    Counsel of Record

3